TANYA M. SCHIERLING [SBN 206984]
tschierling@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Plaintiffs

FILED
2008 JUL 10 PM 3:35
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Timothy L. Bacino, an individual; and Susanne V. Bacino, an individual,

Plaintiffs,

v.

USAA Casualty Insurance Company; and Does 1 through 10, inclusive,

Defendants.

CASE NO. '08 CV 1239 DMS RBB

**COMPLAINT FOR:**

1. **DECLARATORY RELIEF;**
2. **BREACH OF CONTRACT;**
3. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; and**
4. **NEGLIGENCE**

**AND DEMAND FOR JURY TRIAL**

Plaintiffs Timothy L. Bacino and Susanne V. Bacino (collectively, "Plaintiffs") allege:

**I.**

**THE PARTIES**

1. Plaintiffs, husband and wife, are individual homeowners residing in the County of San Diego, State of California.

2. Plaintiffs allege on information and belief that Defendant USAA Casualty Insurance Company ("Defendant" or "USAA") is, and at all relevant times was, a corporation organized under the laws of Texas, with its principal place of business in San Antonio, Texas.

3. At all times relevant to this complaint, Plaintiffs were the named insureds under one or more policies of insurance issued by Defendant providing for, *inter alia*,

coverage for property loss at Plaintiffs' Solana Beach residence and defense and coverage for third party claims.

4. Based on information and belief, Plaintiffs allege that at all times relevant to this complaint Defendant has conducted business in California.

5. Based on information and belief, Plaintiffs allege that at all times relevant to this complaint, Defendant was a member of the class of persons and entities regulated, and intended to be regulated, by California Insurance Code § 790.03.

6. Based on information and belief, Plaintiffs allege that Defendant's representatives utilized personnel, agents and adjusters employed by and/or acting on behalf of itself, and identified themselves to Plaintiffs and dealt with Plaintiffs as representatives of Defendant. This complaint identifies Defendant and the representatives through which it has acted, as Defendant and/or USAA.

7. Based on information and belief, Plaintiffs allege that DOES 1 through 10 are persons, corporations or other entities which reside or are authorized to do and are doing business in the State of California. The true identities of DOES 1 through 10 are currently unknown to Plaintiffs and Plaintiffs therefore pray for leave to amend this complaint to assert their proper names when their identity is discovered. Plaintiffs are informed and believe, and on that basis allege, that each fictitiously named defendant is in some way responsible for, participated in, or contributed to the matter of which Plaintiffs complain.

## II.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1332 because this is a dispute between a citizen of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Defendant has minimum contacts with California, and is subject to personal jurisdiction in California.

10. Venue in this district is proper under 28 U.S.C. § 1391 based on the following: (a) at all times relevant to the complaint, Defendant was a carrier, agent, or

broker engaged in the business of selling and/or placing insurance in the State of California; (b) the premises insured by Plaintiffs' policy of insurance with Defendant is located in this judicial district; and (c) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III.

## GENERAL ALLEGATIONS

### A. The Insurance Policies

11. At all times relevant to this action, USAA insured Plaintiffs under a Homeowners Insurance Policy, policy number CIC 00544 88 39 91A, (the "Homeowners Policy") covering Plaintiffs' home at 481 Santa Dominga, Solana Beach, California 92075 (the "Premises"), and an Umbrella Policy, policy number CIC 00544 88 39 71U (the "Umbrella Policy"). The Homeowners Policy and Umbrella Policy may be referred to collectively as the "Policies."

12. Plaintiffs paid all premiums due under the Policies and performed all obligations and conditions required on their part to keep the Policies in full force and effect.

### B. The Insured's Claims Under the Policies

13. On or about January 6, 2006, a termite fumigation company performed tenting and fumigation at the Premises. Unknown to Plaintiffs at the time, the pedestrian foot traffic on the roof—apparently required to perform the tenting and fumigation—dislodged roof tiles, thereby exposing the underlayment to the sun. Once exposed to the sun, over the next several months, the underlayment became brittle and cracked, thereby seriously compromising, if not entirely eliminating in at least some areas, the water-proofing functionality of the roof.

14. On or about January 10, 2006, Plaintiffs sold the Premises to new owners, Frank Tyneski and Valerie Breslow (the "Buyers").

15. In or about early April 2006, San Diego experienced seasonal rains. Because the roof at the Premises had been significantly damaged and compromised, water came cascading down through the roof into the interior of the Premises.

16. By not later than May 2, 2006, Plaintiffs notified USAA of the damage to the roof and interior at the Premises, and the fact that the Buyers were seeking compensation from Plaintiffs for the required repairs.

17. By letter dated May 25, 2006, USAA notified Plaintiffs that, because the ***interior*** water damage at the Premises did not occur until April 14, 2006, and USAA allegedly no longer insured the Premises as of that date, there was no coverage for the interior water damage. USAA informed Plaintiffs that it was "continuing to investigate the cause of the roof damage and the cost to repair the roof" and had "asked the new owner for permission to have an independent roofing company inspect the roof to determine the cause of the damage and the cost of repairs."

18. On or about June 12, 2006, USAA conducted an inspection at the Premises. In a letter dated June 22, 2006, USAA admitted to Plaintiffs that the "pedestrian damage to roof claim . . . ***is covered*** under your Homeowners policy." However, because, in USAA's faulty estimation, the roof could be repaired for less than the amount of Plaintiffs' deductible ($2,500), USAA refused to reimburse Plaintiffs for the loss.

19. USAA's roof inspection and repair estimate were negligent, grossly inadequate, and nothing more than an attempt to repudiate its obligations under the Policies and minimize any expense to USAA.

20. For example, at the same time that USAA conducted its inspection and prepared its estimate, the Buyers obtained two separate independent roof reports stating the roof ***could not be repaired and must be replaced***, at a cost ranging between $18,332 and $22,458.

21. By approximately August 7, 2006, the Buyers notified Plaintiffs that the roof required replacement, and contended Plaintiffs were responsible to pay the cost of replacement. The Buyers initiated mediation proceedings in accordance with the mediation provision of the purchase and sale contract for the Premises.

22. On or before August 7, 2006, Plaintiffs notified USAA that Buyers had asserted a claim against Plaintiffs arising out of the damage to the roof. Pursuant to the Policies,

Plaintiffs requested that USAA defend them at the scheduled mediation. USAA refused.

23. On July 5, 2007, Buyers sued Plaintiffs ("Buyers' Lawsuit") and sought damages including but not limited to the cost to replace the roof and their attorneys' fees. Plaintiffs promptly notified USAA of Buyers' Lawsuit and requested a defense and indemnity.

24. On July 16, 2007, USAA sent Plaintiffs a letter asserting now, for the first time, that "there may not be" coverage for the damage to the roof. USAA stated it would continue with the investigation or settlement of any claim or lawsuit resulting from the incident, but with a reservation of rights.

25. Then, three days later, on July 19, 2007, USAA notified Plaintiffs that it had concluded its investigation into Plaintiffs' request for defense and indemnity of the Buyers' Lawsuit, and determined "there is no coverage" under the Policies for the Buyers' Lawsuit, i.e., third party claims.

26. With respect Plaintiffs' first party claim for damage to the roof (which USAA had already admitted was a covered claim), USAA advised Plaintiffs by its July 19, 2007 letter that "this will have to be reviewed again under the first party portion of your Homeowners Policy." To date, USAA has failed and/or refused to reimburse Plaintiffs for this ***admitted*** covered loss.

27. Plaintiffs have incurred damages in an amount exceeding the jurisdictional minimum of this court and to be proven at trial, including without limitation reasonable and necessary costs and expenses for losses covered under one or both of the Policies, and punitive damages.

28. USAA has failed and refused to reimburse Plaintiffs for their covered losses.

29. In response to Plaintiffs' claim presentation, USAA had a duty to:

a. Conduct a prompt, thorough, and competent investigation of the claim;

b. Affirm or deny coverage within a reasonable time;

c. Promptly pay benefits due under the Policies;

d. Respond promptly to all communications from Plaintiffs;

e. Refrain from engaging in acts causing further damage to the Premises;

and

f. Engage in or refrain from engaging in additional acts to be proven at the time of trial.

30. Despite the fact that Plaintiffs have complied with their obligations under the Policies, USAA has failed and refused to comply with its obligations as set forth in paragraph 25, above.

## IV.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Declaratory Relief – Against All Defendants)**

31. Plaintiffs incorporate by reference paragraphs 1 through 30 above as though set forth in full.

32. Pursuant to the Policies, USAA promised to reimburse Plaintiffs promptly for all covered losses occurring during the Policies' respective periods, and to provide a defense, at USAA's expense, if a claim was made or suit was brought for damages covered by Plaintiffs' liability coverage.

33. Plaintiffs have been forced to incur substantial expenses, including repair costs for property damage falling within the coverage of the Policies, and attorneys' fees and costs to defend against claims falling with the coverage of the Policies.

34. Plaintiffs have performed each covenant and/or condition required on their part in order to obtain a defense and reimbursement for claims and losses covered under the Policies, or have been excused from performance as a result of USAA's breach of its obligations.

35. A dispute has arisen between Plaintiffs and USAA. Plaintiffs contend, and USAA denies, that Plaintiffs were and are entitled to a defense, at USAA's expense, in the Buyers' Lawsuit; were and are entitled to be compensated for losses covered under the Policies; and were and are entitled to reimbursement of attorneys' fees and costs and other costs and expenses incurred as a result of USAA's failure to conduct a competent and

thorough investigation and its unreasonable denial of coverage.

36. An actual controversy exists between Plaintiffs and USAA regarding USAA's duties to compensate Plaintiffs for the losses covered under the Policies, and to reimburse Plaintiffs for the fees, costs and expenses incurred while seeking to obtain coverage under the Policies, which USAA has unreasonably denied. A declaratory judgment is necessary and appropriate to determine the rights of the parties under the Policies.

## SECOND CAUSE OF ACTION

**(Breach of Contract – Against All Defendants)**

37. Plaintiffs incorporate by reference paragraphs 1 through 36 above as though set forth in full.

38. The Policies provide coverage for the loss and damage at the Premises and coverage and a defense for the Buyers' Lawsuit.

39. To date, USAA has failed or refused to pay any benefits due under the Policies for the property losses at the Premises or the defense costs incurred by Plaintiffs in the Buyers' Lawsuit.

40. USAA has breached its contractual duties under the Policies as set forth in the preceding paragraphs.

41. Plaintiffs have performed all obligations, covenants, and conditions required under the Policies except those for which their performance was excused.

42. As a direct and proximate result of USAA's breach of contract, Plaintiffs have suffered damages in an amount in excess of the jurisdictional minimum of this court, to be proven at the time of trial.

## THIRD CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing – Against All Defendants)**

43. Plaintiffs incorporate by reference paragraphs 1 through 42 above as though set forth in full.

44. At all times material to this complaint, USAA, as a party to the Policies, had a duty and agreed to act in good faith and deal fairly with Plaintiffs. In purchasing the Policies

and thorough investigation of the losses, failing to take action to minimize and mitigate any further damage to the Premises, and failing to provide Plaintiffs a defense in the Buyers' Lawsuit.

51. Defendant's breaches as set forth above caused damage to Plaintiffs.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF:**

1. A declaratory judgment that the terms of the Policies required USAA to compensate Plaintiffs up to policy limits for the reasonable value of covered losses, and for attorneys' fees and costs incurred in seeking to obtain the benefits owed under the Policies.

**ON THE SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT:**

1. For compensatory damages according to proof.

**ON THE THIRD CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING:**

1. For damages, including without limitation attorney fees and costs expended in order to obtain the benefits to which Plaintiffs are entitled under the Policies, according to proof.

2. For punitive and exemplary damages according to proof.

**ON THE FOURTH CAUSE OF ACTION FOR NEGLIGENCE:**

1. For compensatory damages according to proof.

///

///

///

///

///

///

///

**ON ALL CAUSES OF ACTION:**

1. For pre-judgment interest at the maximum allowable legal rate;
2. For costs of suit incurred; and
3. For other appropriate relief.

DATED: July 10, 2008

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: [signature]
TANYA M. SCHIERLING
Attorneys for Plaintiffs

**DEMAND FOR JURY**

Plaintiffs demand a jury trial of all claims triable by a jury.

DATED: July 10, 2008

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: [signature]
TANYA M. SCHIERLING
Attorneys for Plaintiffs

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
TIMOTHY L. BACINO, an individual; and SUSANNE V. BACINO, an individual

**DEFENDANTS**
USAA CASUALTY INSURANCE COMPANY; and DOES 1 through 10, inclusive

FILED
2008 JUL 10 PM 3:38
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

(b) County of Residence of First Listed Plaintiff ____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, CA 92101
(619) 231-0303

Attorneys (If Known)

'08 CV 1239 DMS RBB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1332
Brief description of cause:
Bad faith denial of insurance coverage

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE
July 10, 2008

SIGNATURE OF ATTORNEY OF RECORD
Tanya M. Schierling

FOR OFFICE USE ONLY
RECEIPT # 153884 AMOUNT $350 APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____
TAL 7/10/08

CSDJS44

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152884 - TC**

**July 10, 2008**
**15:35:15**

**Civ Fil Non-Pris**
USAO #.: 08CV1239
Judge..: DANA M SABRAW
Amount.: $350.00 CK
Check#.: BC2184

**Total-> $350.00**

FROM: TIMOTHY L. BACINO
VS
USAA