F:\MMM\PLDG\1693-340.ans01.doc

Maureen M. Michail, State Bar No. 185097
DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807
[SIGNING ATTORNEY'S EMAIL]@DFIS-LAW.COM

Attorneys For Defendant USAA
Casualty Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. BACINO, an individual; and SUSANNE V. BACINO, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 08 CV 1239 DMS RBB<br>[Complaint filed: July 10, 2008]<br><br>USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT; and DEMAND FOR JURY TRIAL |

      COMES NOW Defendant USAA Casualty Insurance Company ("USAA" or "Defendant") and for itself alone, submits the following Answer to the Complaint of Plaintiffs Timothy and Susanne Bacino ("Plaintiffs").

///

///

///

///

## I.

## **THE PARTIES**

1. Paragraph No. 1 contains non-charging allegations with respect to USAA and does not require admission or denial. Nevertheless, on information and belief, USAA admits that at all relevant times mentioned in the Complaint Plaintiffs, husband and wife, were individual homeowners residing in the County of San Diego, State of California.

2. In answering Paragraph No. 2, USAA admits that it is and was at all relevant times mentioned in the Complaint, a corporation organized under the laws of Texas with its principal place of business in San Antonio Texas.

3. In answering Paragraph No. 3, USAA admits that it issued Homeowners' Insurance Policy No. 00544 88 39 91A to Plaintiffs which insured Plaintiffs' Solana Beach residence, subject to its terms, conditions, limitations, policy periods and exclusions. Except as expressly admitted, USAA denies generally and specifically each and every allegation contained in Paragraph 3 of the Complaint.

4. In answering Paragraph 4, USAA admits that at all times relevant to the Complaint, USAA conducted business in California as an insurance company.

5. In answering Paragraph 5, USAA admits that at all times relevant to the Complaint, it was a member of a class of entities regulated, and intended to be regulated by California Insurance Code section 790.03.

6. In answering Paragraph 6, USAA lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 6 since the Complaint refers to unidentified "personnel, agents and adjusters employed by and/or acting on behalf of itself" who allegedly "identified themselves to Plaintiffs and dealt with Plaintiffs as representatives of Defendant." USAA admits that it is a

corporate entity which acts through its authorized employees. Except as expressly admitted, USAA generally and specifically denies each and every other allegation contained in Paragraph 6 of the Complaint.

7. Paragraph 7 contains non-charging allegations with respect to USAA and does not require admission or denial. Since the identity of the DOE defendants is unspecified, USAA lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 7 and on that basis denies generally and specifically each and every allegation contained in Paragraph 7 of the Complaint.

## II.
## JURISDICTION AND VENUE

8. USAA denies that this Court has jurisdiction under 28 USC section 1332. Although this is a dispute between citizens of different states, based on USAA's information and belief, the amount in controversy does not exceed $75,000 exclusive of interests and costs.

9. In answering Paragraph 9, USAA admits that it has "minimum contacts" with California sufficient to subject it to personal jurisdiction in California.

10. USAA admits that venue in this District is proper under 28 USC section 1391 since at all times relevant to the Complaint, Defendant was a carrier engaged in the business of insurance in the State of California; the Premises insured by Plaintiffs' Policies of insurance with Defendant was located in this Judicial District; and a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District. Except as expressly admitted, USAA denies

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT; and DEMAND FOR JURY TRIAL

generally and specifically each and every allegation contained in Paragraph 10 of the Complaint.

### III.
### GENERAL ALLEGATIONS

A.  **The Insurance Policies**

11. In answering Paragraph 11, USAA admits that it insured Plaintiffs under a Homeowners Insurance Policy, Policy Number CIC 00544 88 39 91A (the "Homeowners' Policy") covering Plaintiffs' home at 481 Santa Dominga, Solana Beach, California 92075 ("Premises") which was in effect from April 3, 2005 – January 10, 2006, and under an Umbrella Policy, Policy Number CIC 00544 88 39 71 U (the "Umbrella Policy"). Except as expressly admitted, USAA denies generally and specifically each and every allegation contained in Paragraph 11 of the Complaint.

12. USAA admits that Plaintiffs paid all premiums due under the Policies. Except as expressly admitted, USAA denies generally and specifically each and every allegation contained in Paragraph 12 of the Complaint.

B.  **The Insured's Claim Under The Policies**

13. Based on information and belief, USAA admits that on or about January 6, 2006, a termite fumigation company performed tenting and fumigation at the premises. USAA lacks sufficient information and first-hand knowledge to admit or deny the other allegations contained in Paragraph 13, and on that basis, it denies generally and specifically each and every other allegation contained in Paragraph 13 of the Complaint.

14. In answering Paragraph 14, USAA admits on information and belief that Plaintiffs sold the Premises on or about January 10, 2006 to new owners, Frank Tyneski and Valerie Breslow (the "Buyers").

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT;
and DEMAND FOR JURY TRIAL

1   15. In answering Paragraph 15, USAA lacks sufficient information and personal knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint and, on that basis, denies generally and specifically each and every allegation contained in Paragraph 15 of the Complaint.

16. USAA admits that by no later than May 2, 2006 Plaintiffs notified USAA that the Buyers reported to them damage to the roof of the Premises caused by foot traffic and that the damaged roof allegedly lead to ensuing water damage. Except as expressly admitted, USAA denies generally and specifically each and every allegation contained in Paragraph 16 of the Complaint.

17. In answering Paragraph 17, USAA admits that it sent a letter to Plaintiffs dated May 25, 2006 and admits that said letter says what it does. Except as expressly admitted, USAA denies generally and specifically each and every allegation contained in Paragraph 17 of the Complaint.

18. USAA admits that it retained a company called Independent Roof Inspection, Inc. to conduct an inspection at the Premises on USAA's behalf. USAA also admits that it transmitted a letter to Plaintiffs dated June 22, 2006 and admits that the letter says what it does. Except as expressly admitted, USAA denies generally and specifically each and every allegation contained in Paragraph 18 of the Complaint.

19. USAA denies generally and specifically each and every allegation contained in Paragraph 19 of the Complaint.

20. USAA denies generally and specifically each and every allegation contained in Paragraph 20 of the Complaint.

21. USAA lacks sufficient information and personal knowledge to admit or deny the allegations contained in Paragraph 21 and, on that basis, denies

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT; and DEMAND FOR JURY TRIAL

generally and specifically each and every allegation contained in Paragraph 21 of the Complaint.

22. USAA admits that Plaintiffs notified USAA that the Buyers had asserted a claim against Plaintiffs. USAA also admits that Plaintiffs requested that USAA participate at a mediation between Plaintiffs and Buyers and that USAA declined. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 22 of the Complaint.

23. Based on information and belief, USAA admits that on July 5, 2007, Buyers sued Plaintiffs ("Buyers' Lawsuit") and sought damages. USAA also admits that Plaintiffs notified USAA of Buyers' Lawsuit and requested that USAA defend and indemnify them. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 23 of the Complaint.

24. USAA admits that it transmitted a letter dated July 16, 2007 to Plaintiffs and admits that the letter says what it says. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 24 of the Complaint.

25. USAA admits that it transmitted a letter to Plaintiffs dated July 19, 2007 and admits that the letter says what it does. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 25 of the Complaint.

26. USAA admits that it transmitted a letter to Plaintiffs dated July 19, 2007 and admits that the letter says what it does. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 26 of the Complaint.

27. USAA denies generally and specifically each and every allegation contained in Paragraph 27 of the Complaint.

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT; and DEMAND FOR JURY TRIAL

28. USAA denies generally and specifically each and every allegation contained in Paragraph 28 of the Complaint.

29. USAA admits that it had a duty to Plaintiffs in response to their claim presentation to: (a) conduct a prompt, thorough, and competent investigation of the claim; (b) affirm or deny coverage within a reasonable time; (c) promptly pay any benefits if due under the Policies; (d) respond promptly to all communications from Plaintiffs. Except as expressly admitted, USAA denies generally and specifically each and every other allegation contained in Paragraph 29 of the Complaint.

30. USAA denies generally and specifically each and every allegation contained in Paragraph 30 of the Complaint.

## IV.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (DECLARATORY RELIEF – AGAINST ALL DEFENDANTS)

31. USAA hereby repeats, repleads and realleges each and every response and denial contained in Paragraphs 1 through 30 and incorporates the same herein as though set forth in full.

32. USAA admits that it issued the Policies to Plaintiffs and that the Policies contain the terms and conditions for coverage. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 32 of the Complaint.

33. USAA denies generally and specifically each and every allegation contained in Paragraph 33 of the Complaint.

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT;
and DEMAND FOR JURY TRIAL

34. USAA denies generally and specifically each and every allegation contained in Paragraph 34 of the Complaint.

35. USAA admits that a dispute has arisen between Plaintiffs and USAA and that Plaintiffs contend, and USAA denies, that: Plaintiffs were and are entitled to a defense, at USAA's expense, in the Buyers' Lawsuit; were and are entitled to be compensated for losses covered under the Policies; and were and are entitled to reimbursement of attorneys' fees and costs and other costs and expenses incurred as a result of USAA's failure to conduct a competent and thorough investigation and its unreasonable denial of coverage. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 35 of the Complaint.

36. USAA admits that an actual controversy exists between Plaintiffs and USAA regarding the Buyers' Lawsuit. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 36 of the Complaint.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT – AGAINST ALL DEFENDANTS)

37. USAA hereby repeats, repleads and realleges each and every response and denial contained in Paragraphs 1 through 36 and incorporates the same herein as though set forth in full.

38. USAA denies generally and specifically each and every allegation contained in Paragraph 38 of the Complaint.

39. USAA denies generally and specifically each and every allegation contained in Paragraph 39 of the Complaint.

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT; and DEMAND FOR JURY TRIAL

40. USAA denies generally and specifically each and every allegation contained in Paragraph 40 of the Complaint.

41. USAA denies generally and specifically each and every allegation contained in Paragraph 41 of the Complaint.

42. USAA denies generally and specifically each and every allegation contained in Paragraph 42 of the Complaint.

## THIRD CAUSE OF ACTION
## (BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING – AGAINST
## ALL DEFENDANTS)

43. USAA hereby repeats, repleads and realleges each and every response and denial contained in Paragraphs 1 through 42 and incorporates the same herein as though set forth in full.

44. USAA admits that at all times material to the Complaint, USAA had a duty to and agreed to act in good faith and deal fairly with Plaintiffs in connection with the Policies. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 44 of the Complaint.

45. USAA denies generally and specifically each and every allegation contained in Paragraph 45 of the Complaint.

46. USAA denies generally and specifically each and every allegation contained in Paragraph 46 of the Complaint.

47. USAA denies generally and specifically each and every allegation contained in Paragraph 47 of the Complaint.

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT; and DEMAND FOR JURY TRIAL

## FOURTH CAUSE OF ACTION
## (NEGLIGENCE – AGAINST ALL DEFENDANTS)

48. USAA hereby repeats, repleads and realleges each and every response and denial contained in Paragraphs 1 through 47 and incorporates the same herein as though set forth in full.

49. USAA admits that implied in the Policies by operation of law is a duty of good faith and fair dealing which includes an obligation to undertake a reasonable and thorough investigation of losses reported to it by Plaintiffs in connection with the Premises. Except as expressly admitted, USAA denies generally and specifically each and every allegation of Paragraph 49 of the Complaint.

50. USAA denies generally and specifically each and every allegation contained in Paragraph 50 of the Complaint.

51. USAA denies generally and specifically each and every allegation contained in Paragraph 51 of the Complaint.

## V.
## PRAYER FOR RELIEF

## ON THE FIRST CAUSE OF ACTION FOR
## DECLARATORY RELIEF:

1. USAA denies that Plaintiffs are entitled to any of the relief sought in this Prayer.

///
///
///

## ON THE SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT:

1. USAA denies that Plaintiffs are entitled to any of the relief sought in this Prayer.

## ON THE THIRD CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING:

1. USAA denies that Plaintiffs are entitled to any of the relief sought in this Prayer.

2. USAA denies that Plaintiffs are entitled to any of the relief sought in this Prayer.

## ON THE FOURTH CAUSE OF ACTION FOR NEGLIGENCE:

1. USAA denies that Plaintiffs are entitled to any of the relief sought in this Prayer.

## ON ALL CAUSES OF ACTION:

1. USAA denies that Plaintiffs are entitled to any of the relief sought in this Prayer.

2. USAA denies that Plaintiffs are entitled to any of the relief sought in this Prayer.

3. USAA denies that Plaintiffs are entitled to any of the relief sought in this Prayer.

///
///
///
///

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT; and DEMAND FOR JURY TRIAL

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Fails to State Facts)

1. The Complaint, and each and every cause of action therein set forth, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (No Coverage)

2. Plaintiffs' Complaint, and each and every cause of action therein, is barred by the terms, provisions and conditions of the insurance Policies referred to in Plaintiffs' Complaint herein.

## THIRD AFFIRMATIVE DEFENSE

### (Coverage Excluded)

3. Plaintiffs' Complaint, and each and every cause of action therein, is barred by the terms, provisions, conditions and exclusions of the insurance Policies referred to in Plaintiffs' Complaint herein.

## FOURTH AFFIRMATIVE DEFENSE

### (Notice and Knowledge of Policies Provisions)

4. Plaintiffs were fully aware of the provisions of the insurance Policies issued by USAA and cannot therefore complain about the application of any of those provisions with respect to their claim.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

5. At all times material herein, Defendant acted reasonably and in good faith toward Plaintiffs based upon all relevant facts known to it at the time, and fully performed all terms and conditions, covenants and promises to be performed pursuant to the alleged insurance Policies referred to in Plaintiffs' Complaint or any

cause of action asserted therein, except where such performance was excused, discharged or prevented by Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE
### (Genuine Dispute)

6.  As a matter of law, Plaintiffs cannot state a cause of action against Defendant for breach of the implied covenant of good faith and fair dealing since there was a genuine dispute as to coverage for Plaintiffs' claim(s) underlying the instant action, thereby foreclosing any claim of "bad faith" under California law.

### SEVENTH AFFIRMATIVE DEFENSE
### (One Year Suit Limitation Period)

7.  Plaintiffs' claims against USAA are time-barred by the one year limitations period set forth in their Policies with USAA.

### EIGHTH AFFIRMATIVE DEFENSE
### (Offset)

8.  Defendant alleges that it is entitled to an offset in the amount of benefits or damages previously collected by Plaintiffs from USAA as well as any monetary compensation or benefits collected from other persons or entities.

### NINTH AFFIRMATIVE DEFENSE
### (Fault of Others)

9.  Defendant is informed and believes and thereon alleged that Plaintiffs' damages, if any, are due in full or in part to the proximate contributory and comparative fault and negligence of others, and that any liability of Defendant, which liability is specifically denied, should be reduced and/or barred in proportion to said fault.

///

///

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

10. Plaintiffs failed to mitigate and reduce their damages, if any, as required by law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

11. Plaintiffs are barred from seeking any relief asserted in their Complaint by the doctrines of waiver and estoppel.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

12. Plaintiffs are barred from seeking any equitable relief by reason of their unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

13. Plaintiffs' entire Complaint as well as each cause of action therein appears from the face of the Complaint to be barred by the statute of limitations provided for by the Code of Civil Procedure Sections 337, 338, 339, 340, and 343.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Suit Provision of Policies)

14. Plaintiffs' Complaint as well as each and every cause of action therein is barred by the "suit against us" provision of the USAA Policies at issue in Plaintiffs' Complaint herein.

///

///

///

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Plaintiffs' Comparative Fault)

15.  Defendant alleges that Plaintiffs acted in breach of the Policies and in breach of the covenant of good faith and fair dealing and that, although Defendant denies that Plaintiffs are entitled to any recovery, in the event that recovery is granted, said recovery must be reduced in proportion to the comparative fault and bad faith of Plaintiffs. At all times material herein, Plaintiffs failed to act reasonably and in good faith based upon relevant material facts known by them at the time and Plaintiffs thereby breached the implied covenant of good faith and fair dealing.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

16.  Defendant alleges that it may have other separate and additional defenses of which it is not currently aware and hereby reserves its right to assert them by amendment to this answer at a later date.

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs take nothing by way of their Complaint on file herein;

2. That judgment be in favor of Defendant and against Plaintiffs;

3. That Defendant be awarded costs of suit incurred herein;

///
///
///
///
///

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT;
and DEMAND FOR JURY TRIAL

4. That Defendant be awarded attorneys fees incurred herein; and

5. For such other and further relief as the court deems just and proper.

Date: August 6, 2008

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP

By: _____
Maureen M. Michail
Attorneys For Defendant USAA Casualty Insurance Company

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT;
and DEMAND FOR JURY TRIAL

Maureen M. Michail, State Bar No. 185097
DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807
[SIGNING ATTORNEY'S EMAIL]@DFIS-LAW.COM

Attorneys For Defendant USAA
Casualty Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. BACINO, an individual; and SUSANNE V. BACINO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 08 CV 1239 DMS RBB<br>[Complaint filed: July 10, 2008]<br><br>USAA CASUALTY INSURANCE COMPANY'S DEMAND FOR JURY TRIAL |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendant USAA Casualty Insurance Company hereby demands trial by jury in the above-entitled matter.

Date: August 6, 2008              DANIELS, FINE, ISRAEL,
                                   SCHONBUCH & LEBOVITS, LLP

                                   By: _____
                                        Maureen M. Michail
                                   Attorneys For Defendant USAA Casualty Insurance
                                                Company

17

## PROOF OF SERVICE

State of California      )
County of Los Angeles  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067. On August 12, 2008, I served the within document(s):

**USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT; and DEMAND FOR JURY TRIAL**

by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

☐ **BY FACSIMILE TRANSMISSION** I transmitted said document(s) via facsimile machine pursuant to C.R.C. rule 2006 to fax number FACSIMILE NUMBER. The facsimile machine I used complied with rule 2003 and no error was reported by the machine. Pursuant to rule 2006, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☒ **BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE** I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached mailing list.

☐ **BY OVERNIGHT DELIVERY SERVICE** I caused such envelope to be deposited with an overnight delivery service (Overnite Express/Federal Express) for delivery the next court day, or at most, within two court days of the above date.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 12, 2008, at Los Angeles, California.

*/s/ Cynthia Lewis*
CYNTHIA LEWIS

## SERVICE LIST

Tanya M. Schierling, Esq.
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
tschierling@swsslaw.com
Telephone: (619) 231-0303
Facsimile: (619) 231-4755
*Attorneys for Plaintiffs*

1693.340
1693-340
1693-340

USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT;
and DEMAND FOR JURY TRIAL